UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA TIMOFEEVA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>　　　　Defendant. | No. 2:14-cv-02560-AC<br><br><br>ORDER |

   On May 27, 2015, plaintiff filed a response to the court's order to show cause why this action should not be dismissed for failure to prosecute. The court finds that plaintiff has not offered any explanation, let alone good cause, for her failure to comply with the scheduling order in this matter. Nevertheless, the court will discharge its order to show cause because plaintiff's failure to adequately respond to its order does not merit the harsh penalty of dismissal.

   This is the second time that plaintiff has failed to comply with deadlines set by the court. On November 21, 2014, plaintiff was ordered to show cause why she had not timely complied with the court's order regarding service of process. ECF No. 7. Plaintiff's response reported that copies of the summons and complaint had been mailed to the USM that day, and acknowledged that she had no excuse for failing to timely comply with the court's order. ECF No. 8. Id. Plaintiff then strongly implied that the court was somehow at fault for the "unprecedentedly rapid issuance" of its order to show cause. Id. Regardless, the court discharged its order to show cause

on December 2, 2014.  ECF No. 9.  Counsel for plaintiff was cautioned that "future failures to comply with the court's orders will not be met with such restraint."  Id.

On March 11, 2015, the Commissioner of Social Security ("the Commissioner") filed an answer and plaintiff's administrative record, ECF Nos. 13, 14, giving plaintiff 45 days, or until April 25, 2015, to file a motion for summary judgment.  See ECF No. 6 (Scheduling Order).  Plaintiff failed to file a timely motion and on May 13, 2015, the court issued another order to show cause why the complaint should not be dismissed for failure to prosecute.  ECF No. 15.  Plaintiff's response, which was filed on May 27, 2015, again failed to offer any reason for non-compliance with the court's scheduling order.  ECF No. 16.  Instead, plaintiff states that she was planning on filing a request for an extension at the time the court issued its order to show cause.  Id.  Plaintiff's response also attempts to deflect attention away from herself and onto the Commissioner, who she claims also failed to adhere to the court's scheduling order by filing an untimely answer.  Id.  However, the fact that plaintiff was considering filing a motion for an extension when the court issued its order to show cause – a date after the deadline for plaintiff's summary judgment motion had passed – does not explain the delay.  Moreover, even if the Commissioner had filed an untimely answer and administrative record (which she did not), that would not give plaintiff license to ignore the court's order in turn.

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'  Disregard of [scheduling orders] would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted).  Plaintiff's response to the court's order to show cause fails to offer even the barest of explanations for why she has twice now failed to comply with the court's scheduling orders.  Instead, plaintiff essentially argues that untimely filings are commonplace enough that consequences are not warranted.  See ECF No. 16 (noting that counsel routinely requests extensions and fails to comply with scheduling orders in social security appeals).  Plaintiff's counsel is advised that such responses to orders to show cause are patently insufficient, and any further failures to adhere to the court's scheduling order, absent a timely

1 stipulation or motion to extend the deadline, will result in monetary sanctions.

2 Nevertheless, the court will not dismiss plaintiff's matter. "'[D]ismissal is a harsh penalty
3 and, therefore, it should only be imposed in extreme circumstances.'" <u>Hernandez v. City of El
4 Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998). Plaintiff's repeated failures to adequately respond to
5 the court's orders to show cause do not justify the dismissal of her complaint. Accordingly, THE
6 COURT HEREBY ORDERS that its order to show cause, ECF No. 15, is DISCHARGED.

7 DATED: June 1, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE